Argued and submitted June 30, reversed and remanded December 6, 1989

## STATE OF OREGON,
*Appellant,*

*v.*

## TED GLIDEWELL,
*Respondent.*

(87-364-CR; CA A49604)

783 P2d 535

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Defendant was indicted for the manufacture of marijuana. ORS 475.992. The state appeals a pretrial order that granted his motion to suppress evidence that the police seized pursuant to a search warrant. ORS 138.060(3). We reverse.

The affidavit on which the search warrant was based recited:

> "Trooper Bertram has related to me that while on routine patrol in the Sprague River area, he turned right off of Pheasant Drive on to a dirt right-of-way that connects with Tomahawk. As he was traveling to Tomahawk along that road that is commonly used as a short-cut to get from Pheasant Drive to Tomahawk or from Tomahawk to Pheasant Drive, he observed a cloudy plastic covered enclosure approximately 10 feet x 12 feet with a sloped roof. The plastic was loose and blowing in the wind and *he observed what appeared to be marijuana plants.* He stopped his vehicle and with the use of binoculars, identified the large tops of 4 or 5 plants in the portion of the green house that he was able to see. At this time he was approximately 180 feet from the green house. The tops of the marijuana plants that he saw were 8 or 9 feet above ground level." (Emphasis supplied.)[1]

The court granted the motion to suppress on the ground that, as defendant asserted in his motion, Bertram's use of binoculars constituted an illegal warrantless search. Defendant did not move to controvert any facts contained in the affidavit. In determining whether the affidavit states probable cause, therefore, we accept the facts recited on the face of the affidavit. *See State v. Nuttall,* 97 Or App 285, 776 P2d 26 (1989). The affidavit says that Bertram saw with his naked eye "what appeared to be marijuana plants." As the state argued below and here, the affidavit states probable cause, even without the confirming information that Bertram obtained by use of the binoculars. Accordingly, we do not reach the issue of whether use of binoculars was a warrantless search under the statute, Article I, section 9, or the Fourth Amendment.

---

[1] The affidavit also recites Bertram's training and experience in identifying marijuana, that a pit bull was chained near the greenhouse and that, in the affiant's experience, marijuana is commonly grown in greenhouses and guard dogs, particularly pit bulls, are commonly kept to safeguard illegal contraband.

Reversed and remanded.